**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BRIAN RANDOLPH,

     Plaintiff,

   v.

JUSTIN MOORE, *et al.*,

     Defendants.

)
)
)
)
)
)
)
)
)
)

Civil Action No. 24-1173

District Judge W. Scott Hardy
Magistrate Judge Maureen P. Kelly

## <u>MEMORANDUM ORDER</u>

This matter comes before the Court after Plaintiff Brian Randolph ("Randolph") declined to file objections to the Report and Recommendation ("R&R") (Docket No. 14) that was entered by Magistrate Judge Maureen P. Kelly on October 4, 2024. The R&R recommends that the Motion to Remand (Docket No. 8) filed on behalf of Randolph be denied. (Docket No. 14 at 1, 4). Service of the R&R was made on Randolph by U.S. Mail, and on all counsel of record via the Court's CM/ECF electronic filing system. (*Id.* at 5). The R&R informed the parties that objections to same were due by October 18, 2024, and by October 21, 2024, for unregistered CM/ECF users. (*Id.* at 4 and Docket text entry). No objections were filed by that date or thereafter.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because Randolph did not file objections to the R&R – which explicitly stated, "Failure to timely file objections will waive the right to appeal" – we review the magistrate judge's decision for plain error. (Docket No. 14 at 4-5). *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank*,

488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the entire record, including the R&R, Randolph's Motion to Remand, Randolph's filing entitled "Official Notice to the Court" (Docket No. 10), and the response in opposition to Randolph's Motion to Remand filed by the "Wellpath Defendants"[1] (Docket No. 12), the Court, finding no plain error on the face of the record, will accept Judge Kelly's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court and will deny Randolph's Motion to Remand.

In so ruling, the Court agrees, first, with Judge Kelly's construal of Randolph's filing entitled "Official Notice to the Courts in Regards to Case No. 24-1173" (Docket No. 8) – which asserted that this action was improperly removed because Randolph is proceeding in state court, where he appears to prefer to litigate his claims – as a Motion to Remand.[2]  (Docket No. 14 at 2). The Court also agrees that Randolph's Amended Complaint expressly asserts claims under the Constitution of the United States, which may be pursued pursuant to 42 U.S.C. § 1983, so this Court has original jurisdiction of Randolph's case pursuant to 28 U.S.C. § 1331, and the case is subject to removal under 28 U.S.C. § 1441. (Docket No. 14 at 3). The Court further agrees that the Wellpath Defendants have met their burden of proving that this Court has original jurisdiction of this action and the Motion to Remand should be denied. (*Id.*). Because the Motion for Remand

---

[1]    The "Wellpath Defendants" refers to Defendants CRNP Takacs, CRNP Frenk, and Dr. Holdren, who are all employed by Wellpath LLC. (Docket No. 14 at 1).

[2]    As set forth in the R&R, Randolph originally commenced this action in the Court of Common Pleas of Mercer County, Pennsylvania, and the Wellpath Defendants filed a Notice of Removal to this Court based on the Court's federal question jurisdiction under 28 U.S.C. § 1331 (Docket No. 1).  (Docket No. 14 at 1-2).

will be denied, the Court also agrees with Judge Kelly that Randolph's request for costs and fees should be denied.  (*Id.*).  Additionally, the Court agrees with Judge Kelly that, although Randolph objects to counsel for the Wellpath Defendants serving him with documents pertaining to this case through "Smart Communications,"[3] Randolph's request that Wellpath be required to send him mail directly (Docket No. 10 at 3) must be denied.  (Docket No. 14 at 3-4).  The Court agrees with Judge Kelly that, because Randolph does not have an attorney-client relationship with the Wellpath Defendants' counsel, their written communications are not privileged, and they are required to send their non-privileged mail through Smart Communications; whereas, if the Court were to require the Wellpath Defendants to mail documents directly to Randolph as he requests, he would not receive those documents.  (*Id.* at 4).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 28th day of May, 2025,

IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 14) is ADOPTED as the Opinion of the Court, and Randolph's Motion to Remand (Docket No. 8) is DENIED.

IT IS FURTHER ORDERED that Randolph's request for costs and fees is DENIED.

IT IS FURTHER ORDERED that Randolph's request that counsel for the Wellpath Defendants be required to send him mail directly is DENIED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:    The Honorable Maureen P. Kelly
           Brian Randolph (via U.S. Mail)
           All counsel of record

---

[3]    Smart Communications is a Florida based corporation that serves as the inmate mail processor for the Pennsylvania Department of Corrections ("DOC").  (Docket No. 14 at 3 (citing *McLaughlin v. Zavada*, No. 19-422, 2019 WL 5697347, at *1 (W.D. Pa. Nov. 4, 2019) (describing DOC policies and procedures relating to prisoner reception of incoming mail, including the involvement of outside service "Smart Communications"))).